UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>JAMES D. BOWER,<br>       DEBTOR. | Chapter 7<br>Case No. 10-10993-WCH |
| WARREN E. AGIN,<br>CHAPTER 7 TRUSTEE,<br>       PLAINTIFF,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF STRUCTURE ASSET MORTGAGE INVESTMENT TRUST 2006-AR4 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-AR4,<br>       DEFENDANTS. | Adversary Proceeding<br>No. 10-1092 |

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matters before the Court are the Trustee's Motion for Partial Summary Judgment (the "Trustee's Motion") filed by the plaintiff Warren E. Agin (the "Trustee"), the Joint Opposition to the Trustee's Motion for Partial Summary Judgment (the "Opposition") filed by the Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Certificate holders of Structured Asset Mortgage Investments II Trust 2006-

1

AR4 Mortgage Pass-Through Certificates, Series 2006-AR4 ("BNYMellon") (together, the "Defendants"), and the Trustee's Reply to Opposition to Trustee's Motion for Partial Summary Judgment (the "Reply"). Through the Trustee's Motion, he seeks to avoid a mortgage held by BNYMellon, asserting that the omission of the Debtor's name from the acknowledgement is a material defect that renders it avoidable under 11 U.S.C. § 544(a)(3). The Defendants oppose summary judgment, contending that the defect is immaterial and that avoidance of the mortgage is inappropriate and/or inequitable. For the reasons set forth below I will grant the Trustee's Motion.

## II. **BACKGROUND**[1]

The facts of this case are not in dispute.[2] In February 2005, the Debtor acquired real property located at 240 Bradford Street, Unit 2, Provincetown, Massachusetts 02657 (the "Property"). On February 23, 2005, the Debtor granted two mortgages on the Property to Option One Mortgage Corporation. Both the first ("Prior First Mortgage") and the second mortgages ("Prior Second Mortgage") were recorded in the Barnstable County Registry of Deeds (the "Registry"). On March 2, 2005, the Prior Second Mortgage was assigned to Wilshire Credit Corporation and properly recorded in the Registry.

On or about October 26, 2005, the Debtor, in connection with a refinancing, granted a mortgage in the Property (the "Mortgage") to MERS as nominee for Pride Mortgage LLP. The Mortgage was recorded in the Registry at Book 20424, Page 131. The Mortgage contains an acknowledgement section (the "Acknowledgement") that reads as follows:

Commonwealth of Massachusetts, Barnstable County ss:

---

[1] I take judicial notice of the docket in the case. See *Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[2] *See* Statement of Facts Under LR 56-1, Docket No. 26; Defendants' Opposition to Trustee's Motion for Partial Summary Judgment, Docket No. 37 at 5-6.

> On this the 26th day of October 2005, before me personally appeared [ ] to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.
>
> (Seal)
> */s Kevin J. Redmond*
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires
> April 30, 2010

The brackets above indicate where a notary or justice of the peace would normally insert the grantor's name. Notably absent from that field of the Acknowledgment, however, was the Debtor's name.

The proceeds from the refinancing satisfied the Prior First Mortgage and the Prior Second Mortgage in full. A discharge of the Prior Second Mortgage was recorded in the Registry on November 30, 2005, and a discharge of the Prior First Mortgage was recorded on December 13, 2005. On February 24, 2010, MERS executed an assignment of the Mortgage in favor of BNYMellon.

The Debtor filed his Chapter 7 petition on February 1, 2010. The Trustee initiated this adversary proceeding on March 26, 2010. Each defendant filed an answer and counterclaims on May 10, 2010. On June 14, 2010, the Trustee filed the Trustee's motion, seeking avoidance of the Mortgage. The Defendants subsequently filed the Opposition. On July 23, 2010, I held a hearing on the Trustee's Motion and the Opposition. At its conclusion, I took the matter under advisement.

**III. POSITIONS OF THE PARTIES**

<u>The Trustee</u>

The main thrust of the Trustee's argument is that omission of the Debtor's name from the Acknowledgement is a material defect that "prevents it from giving requisite notice under Massachusetts law and enables the Trustee to avoid the [] Mortgage pursuant to 11 U.S.C. § 544."[3] Citing *In re Giroux*,[4] the Trustee argues that the defective acknowledgement renders the mortgage "unrecordable and void" under Massachusetts General Laws ch. 183, § 29, which provides that "no deed shall be recorded unless a certificate of its acknowledgement" is attached thereto.[5] Whereas a valid recordation of the Mortgage would give constructive notice of the obligation, the Trustee relies on *Graves v. Graves*[6] for the proposition that a defectively acknowledged Mortgage cannot give constructive notice to a bona fide purchaser. It is, therefore, the Trustee's position that he cannot, as a matter of law, have constructive notice of the Mortgage because 11 U.S.C. § 544(a)(3) vests him with the rights and powers of a bona fide purchaser.[7] Relying on the text of 11 U.S.C. § 544(a) which provides that the Trustee's power to avoid the Mortgage is without "regard to any knowledge of the trustee or any creditor," he argues that any actual notice he may have had of the Mortgage is irrelevant.[8]

---

[3] Trustee's Memorandum in Support of Motion for Partial Summary Judgment, Docket No. 28 at 1.

[4] *Agin v. Mortg. Elec. Registration Sys. (In re Giroux)*, No. 08-14708, 2009 WL 1458173 (Bankr. D. Mass. May 21, 2009) aff'd *Mortg. Elec. Registration Sys. v. Agin*, No. 09-CV-10988, 2009 WL 3834002 (D. Mass. November 17, 2009).

[5] Mass. Gen. Laws ch. 183, § 29.

[6] *Graves v. Graves*, 72 Mass. 391 (1856).

[7] Trustee's Memorandum, Docket No. 28 at 8-9.

[8] *Id.* at 7-8.

Additionally, the Trustee asserts that neither Defendant is entitled to any equitable relief. First, he contends that MERS is not entitled to equitable relief because it assigned its rights to BNYMellon and has no further rights to assert claims in this case.[9] Second, he argues that BNYMellon is not entitled to equitable subrogation because it cannot satisfy the five part test laid out by the Massachusetts Supreme Judicial Court in *East Boston Savings Bank v. Ogan*.[10] Finally, he asserts that neither Defendant is entitled to relief on a theory of unjust enrichment because "the Trustee does not proceed as a lien holder," but rather under federal law such that avoiding the Mortgage pursuant to 11 U.S.C. § 544(a)(3) would not result in unjust enrichment.[11]

The Defendants

The Defendants counter that omission of the Debtor's name in the Acknowledgment is not a material defect, rendering the Mortgage properly recorded and not subject to avoidance under 11 U.S.C. § 544(a)(3). It is their position that Massachusetts law does not require strict formality in executing mortgage acknowledgments and that the Acknowledgment substantially complies, "albeit in general terms," with the relevant statutory and other law.[12] Alternatively, they argue that Trustee's rights as a hypothetical bona fide purchaser under 11 U.S.C. § 544 are extinguished by his constructive or actual notice of the Mortgage. They assert that, regardless of any defect in the Acknowledgement, the Trustee either had actual knowledge or was on constructive notice of the Mortgage because it was recorded prior to the filing of the Debtor's

---

[9] *Id*. at 10.

[10] *East Bos. Sav. Bank v. Ogan*, 428 Mass. 327 (1998).

[11] Trustee's Memorandum, Docket No. 28 at 15.

[12] Defendants' Opposition, Docket No. 37 at 7 ("The Mortgage contains an acknowledgement of its execution which references, albeit in general terms, the signatory of the mortgagor as the signer. The failure to satisfy the technical requirements of a form ought not to result in the invalidation of a security interest.").

5

bankruptcy petition.[13] Moreover, the Defendants contend that the Debtor's actual knowledge should be imputed to the Trustee.[14] Alternatively, the Defendants argue that the extent of Trustee's actual knowledge of the Mortgage is a question of material fact that should be determined at trial.[15]

In the event I determine that the Mortgage was defective, the Defendants also contend that equitable relief under a theory of equitable subrogation should be granted to permit BNYMellon, as assignee of MERS, to succeed to the rights of the Prior First Mortgage and Prior Second Mortgage holders by virtue of MERS having satisfied the Prior First Mortgage and Prior Second Mortgage. In the alternative, they argue BNYMellon is entitled to equitable relief under a theory of unjust enrichment because avoidance would leave it "with an unsecured claim which is not justified on the equities given that the [Trustee] never tendered any consideration or otherwise had an interest in this transaction."[16]

## IV. DISCUSSION

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, summary judgment "shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[17] "A 'genuine' issue is one supported by such evidence that 'a reasonable jury, drawing favorable

---

[13] *Id*. at 10.

[14] *Id*.

[15] *Id*.

[16] Defendants' Opposition, Docket 37 at 14.

[17] Fed. R. Civ. P. 56(c) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

6

inferences,' could resolve it in favor of the nonmoving party."[18] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[19]

The party seeking summary judgment "always bears the initial responsibility . . . of identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which demonstrate the absence of a genuine issue of material fact."[20] The nonmoving party must then "produce 'specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'"[21] A trialworthy issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[22] The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[23]

B. The Acknowledgement

The circumstances of this case are not novel. With respect to the Acknowledgement and recording of the Mortgage, the facts of this case are nearly identical to those of *In re Giroux*,[24] a case recently decided in this district by Judge Feeney.[25] In *Giroux*, the debtor signed and the

---

[18] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (*quoting Smith v. F.W. Morse & Co., Inc.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

[21] *Triangle Trading Co.*, 200 F.3d at 2 (*quoting Morris v. Gov't Dev't Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994)).

[22] *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990)(*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[23] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[24] *In re Giroux*, 2009 WL 1458173 *aff'd, Mortg. Elec. Registration Sys. v. Agin*, 2009 WL 3834002.

[25] As Defendants note, this case also bears relation to *In re Dessources*, which I recently decided. However, the mortgage acknowledgement in *Dessources* was not a statutory form and did not omit the grantor's name. *See In re Dessources,* 430 B.R. 330 (Bankr. D. Mass. 2010).

mortgagee recorded a mortgage wherein the notary failed to insert the debtor's name into the acknowledgment. There, the Judge Feeney found, and the United States District Court for the District of Massachusetts affirmed, that omission of the debtor's name from a mortgage acknowledgement is a material defect such that recordation of the mortgage is incapable of giving constructive notice to a bona fide purchaser, rendering the mortgage subject to avoidance under 11 U.S.C. § 544(a)(3).[26] For reasons set out more fully below, I find that the Acknowledgment here is similarly defective.

"An acknowledgement is the formal statement of the grantor to the official authorized to take the acknowledgment that the execution of the instrument was his free act and deed."[27] Generally, an acknowledgment is not a necessary part of the deed, but Massachusetts law requires that a validly executed acknowledgement be attached to a mortgage as a prerequisite to recording the mortgage in the registry of deeds.[28] Massachusetts General Laws ch. 183, § 29 provides, in relevant part:

> No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates. . .[29]

---

[26] *See Mortg. Elec. Registration Sys. v. Agin*, 2009 WL 3834002 at *2 ("Because Massachusetts is a strict formality state, the Court agrees with the Bankruptcy Court's prediction that the Massachusetts courts are likely to follow *In re Biggs*, 377 F.3d 515 (6th Cir. 2004), which held that the omission of the mortgagor's name in the acknowledgment was not a "purposeless formality" and resulted in the avoidance of a mortgage under 11 U.S.C. § 544(a)(3).")

[27] *McOuatt v. McOuatt*, 320 Mass. 410, 415 (1946).

[28] *See McOuatt v. McOuatt*, 320 Mass. 410, 413-414 (1946) ("It follows that ordinarily an acknowledgment is not an essential part of a deed; but if it is desired to record the deed in order to charge the world with notice of the conveyance, then it is necessary that the deed be acknowledged and that a certificate reciting this fact be attached to the deed. Doubtless, that is the principal function of a certificate of acknowledgement.").

[29] Mass. Gen. Laws ch. 183, § 29.

Unrecorded mortgages are only enforceable against the grantor, his or her heirs, devisees, and persons with actual knowledge of the mortgage.[30]

A number of formalities must be observed in the execution of an acknowledgment. The acknowledgement "shall be by one or more of the grantors or by the attorney executing . . . [and] may be made . . . before a justice of the peace or notary public" who "shall endorse upon or annex to the instrument a certificate thereof."[31] The statute does not require specific language in the acknowledgment, but provides forms in an appendix to Chapter 183 that may be used.[32] The statutory form appropriate to an individual granting a mortgage reads as follows:

> (Caption specifying the state and place where the acknowledgment is taken.)
>
> On this _____ day of _____ 19__, before me personally appeared A B (or A B and C D), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.
>
> (Signature and title of officer taking acknowledgment. Seal, if required.)[33]

This form is substantially similar to that used in the Acknowledgement, but the notary failed to insert the Debtor's name into the "A B" section of the form.[34] Therefore, the Acknowledgement is defective, but question remains whether the defect is material and should have prevented the mortgage from being recorded pursuant to Massachusetts General Laws ch. 183, § 29.

---

[30] Mass. Gen. Laws ch. 183, § 4 ("A conveyance of an estate in fee simple, fee tail or for life. . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it. . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies.")

[31] Mass. Gen. Laws ch. 183, § 30.

[32] Note that "[t]he forms set forth in the appendix to this chapter for taking acknowledgments to deeds and other instruments and for certifying the authority of officers taking proofs or acknowledgements may be used; but this shall not prevent the use of any other forms heretofore lawfully used." Mass. Gen. Laws. ch 183, § 42. The language "forms…heretofore lawfully used" refers to those in use prior to the adoption of the statutory forms in 1894. *See New England Bond & Mortg. Co. v. Brock*, 270 Mass. 107 (1930).

[33] Mass. Gen. Laws ch. 183, App. Form (13).

[34] *See infra* at 3.

The *Giroux* court cited the Massachusetts Supreme Judicial Court's decision in *McOuatt v. McOuatt* for the proposition that Massachusetts requires strict formality in the execution of mortgage acknowledgements.[35] In *McOuatt*, the grantor executed a deed of transfer before a notary, but did not speak to the individual who made out the attached certificate of acknowledgement.[36] Emphasizing the formalities required in executing an acknowledgment, the Court held that the deed of transfer was not duly acknowledged because the grantor did not expressly state to the individual taking the acknowledgment that "he acknowledged the instrument as his free act and deed."[37] Thus, strict formalities must be observed in the execution of an acknowledgment.[38]

In *Giroux*, Judge Feeney cited a litany of cases where "federal courts have ruled that the omission of the grantor's name or the mortgagor's name in an acknowledgement is a material defect in the acknowledgement."[39] She adopted the reasoning of the United States Court of Appeals for the Sixth Circuit in *In re Biggs*. In *Biggs*, the court found that omission of the grantor's name from the acknowledgement to a deed of trust was a material defect and making

---

[35] *Giroux*, 2009 WL 1458173 at *8.

[36] *McOuatt*, 320 Mass. 410 at 412, 415.

[37] *Id.* at 415.

[38] *See also Stern v. Cont'l Assurance Co. (In re Ryan),* 851 F.2d 502, 508 (1988) ("We are not convinced by the argument that modern courts invariably look to 'substance over form' in the area of land recording law. Land recording laws must, by their very nature, employ technical rules because the "substance"-presumably the fairness of giving one bona fide purchaser priority over another-yields no simple answers.") (citing 4 American Law of Property § 17.5 at 539).

[39] See *Giroux,* 2009 WL 1458173 at *5 (citing *Burden v. CIT Group/Consumer Fin., Inc. (In re Wilson)*, No. 07-6447, 2009 WL 723197 (6th Cir. March 19, 2009)) (mortgage improperly acknowledged under Kentucky law did not provide constructive notice to subsequent purchasers or creditors and was subject to avoidance under 11 U.S.C. § 544); *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (same under Tennessee law); *Countrywide Home Loans, Inc. v. Gardner ( In re Henson)*, 391 B.R. 210 (B.A.P. 6th Cir. 2009) (trustee can avoid mortgage and preserve it for the benefit of the debtor's estate because mortgage did not provide constructive notice to subsequent purchasers or creditors under Kentucky law when mortgagor's signature was not properly acknowledged as acknowledgment did not contain the identity of the mortgagor)).

the transfer avoidable under 11 U.S.C. § 544.[40] Cutting directly to the heart of the matter, the court reasoned:

> To permit the names in the deed of trust to satisfy the names-in-the-acknowledgement requirement is to eliminate the acknowledgement requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who should appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a notary. When notaries, however, merely take pre-printed forms and purport to notarize them without stating whose signatures they have notarized and who, if anyone, appeared before them, they not only undermine the Tennessee legislature's salutary purpose in creating statutorily-approved forms but also fail to accomplish the signal reason for having an acknowledgment in the first place.[41]

Judge Feeney and the District Court predicted that the Massachusetts Supreme Judicial Court would likely follow this reasoning and I am similarly persuaded. The execution of a mortgage acknowledgement is not a "purposeless formality."[42] Mortgage acknowledgments must be strictly executed in the manner proscribed by Massachusetts law or they are invalid. I find, therefore, that the defect in the Acknowledgement is a material defect.

Having determined that omission of the Debtor's name from the Acknowledgment is a material defect, I must now determine whether the Trustee may avoid the mortgage pursuant to 11 U.S.C. § 544(a)(3). Defendants argue that the Trustee cannot avoid the mortgage because he had either actual or constructive or notice of the mortgage which was "of record as of the date of the filing of the case."[43] The Bankruptcy Code vests the Trustee with the rights of a hypothetical bona fide purchaser for the purposes of 11 U.S.C. § 544(a)(3),[44] which are defined by state law.[45]

---

[40] *Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004).

[41] *Id.* at 520.

[42] *Id.* at 519.

[43] Defendants' Opposition to Trustee's Motion for Partial Summary Judgment, Docket No. 37 at 10.

[44] 11 U.S.C. § 544(a)(3). ("The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the

Under Massachusetts law, transfers of real property "shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies."[46] It is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers.[47] Defendants point to a decision from Ohio, *Stewart v. Citifinancial, Inc.*[48] for the proposition that "even a defective mortgage can provide constructive notice."[49] That court held that "any recorded mortgage, whether defective or not, would serve as constructive notice to any bona fide purchaser whose interest arose after that date."[50] While this may be the law in Ohio, it simply is not the law in Massachusetts. *Graves* is clear that a defective mortgage does not give constructive notice to bona fide purchasers in Massachusetts.[51] Therefore, as a matter of law, the Trustee did not have constructive notice of the Mortgage for the purposes of 11 U.S.C. § 544(a)(3).

---

debtor or any obligation incurred by the debtor that is voidable by . . . (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.")

[45] *See Giroux,* 2009 WL 1458173 at *10 (citing *Gray v. Burke ( In re Coletta Bros. of North Quincy, Inc.),* 172 B.R. 159, 162 (Bankr. D. Mass. 1994). (*See also Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)); and *Stern v. Continental Assurance Co. (In re Ryan)*, 351 F.2d 502 (1st Cir.1988)).

[46] Mass Gen. Laws ch. 183, § 4.

[47] *Graves v. Graves*, 72 Mass. 391, 392-3 (1856) ("[T]he instrument of defeasance, not being acknowledged, was improvidently admitted to registration, and the record does not operate as constructive notice of the execution of the assignment of the equity of redemption, as against an attaching creditor of the equity; and therefore the title of the attaching creditor, though subsequent in time, takes precedence of the assignment.").

[48] *Stewart v. Citifinancial, Inc. (In re Stewart)*, 256 B.R. 259 (Bankr. S.D. Ohio 2000).

[49] Trans. July 23, 2010 at 9:12-14.

[50] *Stewart,* 256 B.R. at 261.

[51] *Graves*, 72 Mass. at 392-3.

Defendants also argue that the Debtor's actual knowledge of the Mortgage should be imputed to the Trustee or that the question of Trustee's actual knowledge of the Mortgage is one that should be determined at trial. However, the Bankruptcy Code clearly states that the Trustee has the rights and powers of a bona fide purchaser "without regard to the knowledge of the trustee or of any creditor."[52] "The natural interpretation of this language is that the actual knowledge of the encumbrance will never prohibit a trustee from invoking § 544(a)(3)."[53] Defendant argues that "the [Trustee] cannot credibly stand in the shoes of the debtor and seek to avoid a transaction of which the debtor had actual knowledge."[54] While it is colloquially understood that the Trustee "stands in the shoes" of the Debtor in a Chapter 7 case, under 11 U.S.C. § 544(a)(3) the Trustee stands not in the shoes of the Debtor, but in the shoes of a hypothetical bona fide purchaser.[55] Because the Mortgage is incapable of giving notice of its existence, it is effectively an unrecorded mortgage for the purposes of 11 U.S.C. § 544(a)(3).[56] Therefore, I conclude that the Trustee was without notice of the Mortgage's existence and may properly avoid it pursuant to 11 U.S.C. § 544(a)(3).

C. Equitable Subrogation

Defendants argue that, irrespective of any defect in the Acknowledgment, BNYMellon is entitled to be equitably subrogated into the position of the Prior First Mortgage and Prior Second

---

[52] 11 U.S.C. § 544(a).

[53] *Sandy Ridge Oil Co., Inc. v. Centerre Bank Nat'l Assoc.*, 807 F.2d 1332, 1335. *See also McCannon v. Marston*, 679 F.2d 13 (1982) (Actual knowledge irrelevant regardless of the state law of actual notice.).

[54] Defendants' Opposition, Docket No. 37 at 10.

[55] *See* 11 U.S.C. § 544(a)(3); *See also In re Ryan*, 851 F.2d at 511 ("The fact that the trustee, after appointment, searched the town records and discovered the mortgage in question is of no legal significance. The trustee stands in the shoes of a hypothetical bona fide purchaser who purchased at the commencement of the bankruptcy case, without regard to any knowledge of the trustee.").

[56] *See infra* 10-12.

Mortgage holders by virtue of MERS having paid these obligations in full.[57] "Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment."[58] In a mortgage transaction, this means that "one who fully performs an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent injustice."[59] Massachusetts courts have applied subrogation to refinancing transactions.[60]

In *East Boston Savs. Bank v. Ogan*, however, the Massachusetts Supreme Judicial Court cited facts analogous to the instant case to exemplify when equitable subrogation is improper:

> A mortgagee whose mortgage is subrogated to the original mortgage but who fails to record its own mortgage would not have priority over another who acquired an interest in good faith during the time between subrogation and the recording of the subrogated mortgage. In Massachusetts, that subsequent purchaser would prevail over the subrogee under the recording statute as long as the purchaser did not have actual notice of the transaction.[61]

The Third Restatement of Property (Mortgages) provides a similar example:

> [I]f the payor who discharges a prior mortgage does not immediately record his or her own mortgage, the public records may for some period of time appear to indicate that the real estate is unencumbered. One who in good faith acquired an interest in the real estate during this period will be severely prejudiced if the payor is permitted to gain priority over that interest by subrogation. In such cases subrogation is denied.[62]

---

[57] Defendants' Opposition, Docket No. 37 at 10-14.

[58] *In re N. Am. Rubber Thread Co., Inc.*, 333 B.R. 164, 168-169 (Bankr. D. Mass. 2005) (citing *Rinn v. First Union Nat'l Bank of Md.*, 176 B.R. 401, 407 (D. Md. 1995)).

[59] Restatement (Third) of Property: Mortgages § 7.6 (1997).

[60] *East Bos. Savs.*, 428 Mass. at 334.

[61] *Id*. at 333 (citing *Mort v. United States,* 86 F.3d 890, 894 (9th Cir. 1996) and *Han v. United States*, 944 F.2d 526, 529 (9th Cir. 1991)(citations omitted)).

[62] Restatement (Third) of Property: Mortgages § 7.6, Comment f.

As I have outlined above, the Mortgage is incapable of giving notice and is tantamount to an unrecorded mortgage for the purposes of 11 U.S.C. § 544(a)(3).[63] To subrogate BNYMellon to the position of the Prior First Mortgage and Prior Second Mortgage holders would be to overlook the statutory requirements for proper acknowledgment and recording of a mortgage and would undermine the mortgage recording system. BNYMellon is therefore not entitled to equitable subrogation.

### D. Unjust Enrichment

Finally, Defendants argue that equitable relief is necessary to prevent unjust enrichment of the Trustee or unsecured creditors at the expense of BNYMellon.[64] "Unjust enrichment is defined as the retention of money or property of another against the fundamental principles of justice or equity or good conscience."[65] To demonstrate unjust enrichment, the Plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law.[66] Assuming, *arguendo*, that some of these elements are met, the Defendants nonetheless cannot demonstrate that the impoverishment is unjustified. The Mortgage is subject to avoidance under 11 U.S.C. § 544(a)(3) because of the assignor's negligence in executing the Acknowledgment and failure to satisfy the statutory requirements to acknowledge and record the Mortgage. Therefore, the Defendants are not entitled to equitable relief under a theory of unjust enrichment.

---

[63] *See infra* at 10-12.

[64] Defendants' Opposition, Docket No. 37 at 13-14.

[65] *Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co*., 534 F.Supp. 340, 347 (D. Mass. 1982) (*quoting* 66 Am.Jur.2d Restitution and Implied Contracts § 3 (1962)) *See also Braunstein v. McCabe (In re the McCabe Group, PC),* 424 B.R. 1, 15 (Bankr. D. Mass. 2010).

[66] *In re the McCabe Group,* 424 B.R. at 15-16*.* (*citing* Smith v. Jenkins, 626 F.Supp.2d 155, 170 (D.Mass.2009)).

15

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Trustee's Motion.

                                                                                                                _____
                                                                                                                William Hillman
                                                                                                                United States Bankruptcy Judge

Dated: October 13, 2010